DREW, Justice
(concurring specially).
In the case of Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223, 226, in a special concurring opinion the late Mr. Justice WHITFIELD said:
“At the death of one spouse the whole estate in property owned by husband and wife as tenants by entire-ties is by operation of law vested in the surviving spouse, and the decedent’s heirs as such have no inheritable interest in the property, which, if not otherwise duly disposed of, will descend to the heirs of the survivor upon his or her death.
“Section 1, art. 10, Constitution of 1885, provides that ‘a homestead to the extent’ stated in the section, ‘owned by the head of a family residing in this State * * * shall be exempt from forced sale under process of any court,’ with stated exceptions not material here.- The Constitution limits the homestead land ' area that may be exempted, but it does not define or limit .the estates in land to which homestead •exemption may apply; therefore, in the absence of controlling provisions •or principles of law to the contrary, the ■exemptions allowed by section 1, article 10, may attach to any estate in land •owned by the head of a family residing in this state, whether it is a freehold or less estate, if the land does not exceed -the designated area and it is in fact the family home place. When the estate or interest of the owner in the homestead. land terminates, the homestead exemption of such owner therein necessarily ceases.
“Under section 2, of article 10, ‘the exemptions provided for in section 1 shall inure to the widow and heirs of the party entitled to such exemption.’ This provision can be applicable only when the estate of the owner in the homestead land does not terminate before or at the death of such owner.
“Where a family home place is owned by the husband and wife as tenants by entireties, under the common law in force in this state, upon the death of one spouse, the entire estate in the land so owned, is by operation of law vested in the survivor to the exclusion of the heirs of the deceased spouse. Where the husband is the head of the family .entitled to a homestead exemption in land owned by the husband and wife as tenants by entireties, his exemption at his death terminates with his estate in the land, which land by operation of law immediately becomes the sole property of the surviving wife. As the husband’s interest in an estate by entireties ceases at his death, it cannot pass to his heirs under the statute, and as they, as such heirs, have no estate or interest in the land, there is no exception to inure to them under the Constitution. If the widow acquired and retains homestead exemption rights in property after the death of the husband, such exemption, if existing at her death, would inure to her heirs. Section 2, art. 10, Constitution.” (Emphasis supplied.)
It is' my view that the above quotation so aptly and correctly summarizes the law on this subject that it bears repeating.
• The lower court, from facts before it, found that the subject property “never while the same was owned by Doris Morley Passmore acquired the status of the homestead of the head of a family so as to prohibit its disposition by the will of the said Doris Morley Passmore.” There were facts to sustain this finding and it is bind *301 ing on us. Never having acquired homestead status, the owner had the right to devise it as she saw fit.